SAVARIO CIPRIANI, Plaintiff, v. DONATO PERNO et al., Defendants.

City Court of the City of New York, Trial Term, Bronx County, April 7, 1954.

*Joseph J. Nista* for plaintiff.

*Leonard L. Mancusi* for defendants.

SPECTOR, J. This is an action under section 1444-a of the Civil Practice Act for damages as result of removal of a tenant from his apartment.

Defendants were owners of a two-family house. The plaintiff occupied a five-room apartment on the second floor and the defendants occupied the first-floor apartment. A daughter of the defendant occupied a room in the basement with her husband and child. Defendants wanted this second-floor apartment for their daughter since there was a compelling necessity. First of all the room in the basement was damp and was converted from a storage room. It had no bath or shower, only a toilet bowl. This room served as a living room, bedroom and kitchen. Secondly, the daughter was pregnant with another child.

An application was made to the Temporary State Housing Rent Commission to obtain a certificate of eviction and same was granted. On July 20, 1951, a hearing was held in the Municipal Court and a final order was granted. Plaintiff was to vacate said premises on February 28, 1952. This was some seven months and one week later, *on consent*. The court had authority only to extend the tenancy for six months.

The daughter immediately moved into said apartment. She and her husband and two children lived in the apartment until the end of April, 1952, when they moved into the first-floor apartment with her parents. They could not afford to pay the rent. Her husband indulged in gambling. Domestic strife was brew-

ing which culminated into a separation some three or four months later.

When his daughter, for whom the apartment was secured, moved in with her parents, another daughter moved into the second-floor apartment. I feel that a case of compelling necessity could have been made out before the Temporary State Housing Rent Commission for her because she had a family of five, of mixed sexes, and was living in a three-room apartment which contained no bathing facilities. There was no increase of rent.

Defendants contend that where *on consent* the defendants allowed the plaintiff a period greater than that allowed by law, to evacuate said premises, that same constituted a voluntary vacating and therefore no action is maintainable. '' Consent '' under these circumstances — where final order was about to be ordered — constitutes a dispossess within meaning of rent laws. (*Sno-wite, Inc.*, v. *Gerald Operating Corp.*, 297 N. Y. 1007.)

The language of section 1444-a of the Civil Practice Act is patterned after that of the Commercial Rent Law.

In a leading case under the Commercial Rent Law (*Kauffman & Sons Saddlery Co.* v. *Miller*, 298 N. Y. 38, 44–45) Judge FULD held that '' good faith '' is the determinative factor. '' It could not have been the legislative purpose to charge the landlord with liability if changing and unforeseen circumstances — illness or adverse business conditions — made uneconomical or ill-advised his continued use of all of the space obtained from the tenant. * * * The legislature undoubtedly realized the propriety and justice of allowing a landlord the use of his own property insofar as such use did not frustrate its wider scheme of preventing unjust evictions and excessive rents. The legislative purpose unquestionably was to forbid a landlord, under penalty of a suit for damages, from evicting a tenant under the pretense and guise that he needed the space for himself and from then renting it to others at an increased rental ''.

A case on all fours, except that I believe the facts in the case at bar to be stronger, held that section 1444-a of the Civil Practice Act should be construed similarly to the cases under the Commercial Rent Law. (*Glass* v. *Hagie*, 92 N. Y. S. 2d 789.)

I find that defendants did not make this application fraudulently and falsely as charged, and did make same in good faith. When a change in circumstances appeared — where the daughter for whom the apartment was obtained, was unable to pay the rent — domestic difficulties arose — and the daughter had to

move in with her parents, the defendant was justified in renting same to his other daughter who was situated in a similar case of " compelling necessity ". No guaranty is exacted, that the person for whom the apartment was obtained would live in said apartment for a least one year. It would be unjust to compel the defendants to keep this apartment empty for the remainder of the year in order to avoid an action for damages. Subsequent reletting within a year was dictated by unforeseen and justifiable circumstances.

Complaint dismissed. Judgment may be entered for the defendants.